NATHAN M. CHERRY, a Taxpayer of the City of Long Beach, in the State of New York, Suing on Behalf of Himself and Other Taxpayers in Said City Similarly Situated, Plaintiff, v. CITY OF LONG BEACH, THEODORE ORNSTEIN, as Mayor of Said City of Long Beach, and AUGUST N. GANDIA, as Treasurer of Said City of Long Beach, and HAROLD JACOBSON, as City Clerk of Said City of Long Beach, and JACOB W. OSMANN, as Supervisor of Said City of Long Beach, and GEORGE XANTHAKY and PERCY I. ELIAS, as Members of the City Council of Said City of Long Beach, Defendants.— On submission of controversy on agreed facts (Civ. Prac. Act, §§ 546, 548), in which plaintiff seeks a judgment (a) restraining the

issuance by defendant city of certain bonds for the purpose of paying certain judgments recovered against it for matters not related to capital account, and (b) adjudging to be void and illegal the action taken by the city through the individual defendants in adopting an ordinance authorizing the issuance of such bonds, judgment directed for defendants, with costs. The proposed bond issue is not in contravention of section 2 of article 8 of the Constitution of the State of New York. The purpose is a city purpose. (*Sun Publishing Assn.* v. *Mayor*, 152 N. Y. 257.) The Legislature has the power to determine the period of probable usefulness of the purpose for which the indebtedness is to be contracted and has done so. (Gen. Mun. Law [Consol. Laws, chap. 24], § 8-b, subd. 22.) When applied to the payment of indebtedness, represented by judgments against the municipal corporation, the probable period of usefulness is to be construed as the period over which payment of the judgments in annual installments can be spread without inflicting undue hardship upon the taxpayers. Lazansky, P. J., Hagarty, Johnston and Close, JJ., concur; Taylor, J., dissents: I dissent and vote to grant judgment in favor of the plaintiff for the relief demanded. Section 2 of article 8 of the State Constitution authorizes municipalities to contract indebtedness only for such objects or purposes as have a determinable period of usefulness. This clearly means objects or purposes relating to something which is tangible, has duration and is useful. It is not apparent how the judgments, payment of which is sought to be made by the bond issue, are in the constitutional category. Payment thereof does not constitute such an object or purpose. Subdivision 22 of section 8-b of the General Municipal Law, which purports to determine that the payment of judgments such as are here involved has a period of probable usefulness of five years, contravenes the provision of the Constitution above mentioned and is, therefore, without effect.